BONIN, J., concurs with additional reasons.
hi respectfully concur in the result and assign additional reasons.
Our de novo review accepts as true the well-pleaded allegations of Mobile-One’s *816 petition along with the written agreements between it and Whitney which are attached to and referenced by the petition. See Decatur-St. Louis Combined Equity Properties, Inc. Venture v. Abercrombie, 411 So.2d 677, 680 (La.App. 4th Cir.1982); see also Fink v. Bryant, 01-0987, pp. 3-4 (La.11/28/01), 801 So.2d 346, 349.
Mobile-One’s failure to pay in full the principal and interest by the due date stated in the promissory note constituted default on its obligation to perform by repayment of the money borrowed. See La. Civil Code art. 1990 (“When a term for the performance of an obligation is ... fixed, ... the obligor is put in default by the mere arrival of that term.”).
None of the written agreements specified that Whitney had to give Mobile-One formal notice of default before taking advantage of its statutory remedies; the remedies that required prior formal notice of default were acceleration and attorneys’ fees, remedies not provided by operation of law. Whitney was not required by law or written agreement to give formal prior notice of its application of Mobile-One’s funds on deposit in which it has a security interest towards the | ^payment of Mobile-One’s principal obligation. See La. R.S. 6:316 C. And Whitney did give the requisite timely written notice after it removed funds from Mobile-One’s operating account. See La. R.S. 6:316 D. So long as the bank gives timely notice to its depositor, “the bank shall have no liability to the depositor or to any other person or persons as a result of the bank’s dishonor of checks or drafts drawn on the depositor’s accounts with the bank.” Id.
With respect to the credit agreement statutes addressed in the majority’s opinion, it is worthwhile to specially note that the other defendants in this case, that is the employees of the Whitney, are as protected from liability as the bank itself from assertions of liability based on an oral amendment to a credit agreement. See La. R.S. 6:1121-1124; King v. Parish National Bank, 04-0337, p. 14 (La.10/19/04), 885 So.2d 540, 549. “To allow otherwise would provide a means to circumvent the credit agreement statutes by merely asserting a bad faith or breach of contract claim against the bank employee instead of the institution itself.” Id. “Such a result would render the statute effectively meaningless and thwart the clear legislative intent expressed by the statutes.” Id.
Thus, accepting the allegations of the petition and its attachments as true, I conclude that Mobile-One failed to state a cause of action for damages against Whitney and its employees for a violation of any statute or any written agreement.